**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 00-30323**
**Summary Calendar**

_____

**JOSEPH H. HUNTER,**

**Plaintiff-Appellant,**

**versus**

**INTERNAL REVENUE SERVICE, Etc.; Et Al.,**

**Defendants,**

**UNITED STATES OF AMERICA,**

**Defendant-Appellee.**

_____

**Appeal from the United States District Court**
**for the Eastern District of Louisiana**
**(99-CV-33-R)**

_____

September 11, 2000

Before HIGGINBOTHAM, WIENER, AND BARKSDALE, Circuit Judges.

PER CURIAM:[*]

For this *pro se* challenge to a summary judgment, at issue is whether Joseph H. Hunter is entitled to exclude, from his 1994, 1995, and 1996 taxable income, his annuity contributions made prior to his 1980 retirement.

Before Hunter retired in 1980 from the Veterans Administration, he had contributed $15,195 toward a retirement

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

annuity (the contribution).  He received total annuity payments of approximately $27,000 in 1980-82.  In 1997, he sought to amend his tax returns for 1994, 1995, and 1996, to exclude the contribution from his taxable income.  In 1998, the IRS denied this request.

Hunter filed this action, claiming:  the IRS erred in determining that he should have excluded the contribution in the early 1980's and, therefore, could *not* now exclude it; and the Office of Personnel Management failed to properly instruct him on the timing for excluding that contribution.

The district court granted summary judgment for the Government, holding:  the time for Hunter to amend his returns and claim a refund had expired; and it was Hunter's responsibility to exclude the income during the appropriate year.

"We review a summary judgment *de novo*, using the same criteria as the district court and viewing all facts, and the inferences to be drawn from them, in the light most favorable to the non-movant." ***Drake v. Advance Constr. Serv., Inc.***, 117 F.3d 203, 204 (5th Cir. 1997).  Judgment is proper if there is *no* material fact issue and the movant is entitled to a judgment as a matter of law.  FED. R. CIV. P. 56(c).

Essentially for the reasons stated by the district court, the summary judgment was proper.  *See* ***Hunter v. United States***, No. 99-CV-33 (E.D. La. 12 Jan. 2000).

*AFFIRMED*